1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6            **DISTRICT OF NEVADA**

7

8    ERIC GRIFFIN,                          )
                                            )
9                        Plaintiff,         )    Case No. 2:10-cv-02141-PMP-GWF
                                            )
10   vs.                                    )    **ORDER AND FINDINGS AND**
                                            )    **RECOMMENDATIONS**
11   GLORIA NAVARRO, *et. al.*,             )
                                            )    Complaint (#1) and Motion for
12                       Defendants.        )    Contempt Hearing (#6)
     ——————————————————————————————         )

13

14          This matter is before the Court on Plaintiff Eric Griffin's Civil Rights Complaint (#1), filed on

15   November 18, 2010, and Motion for Contempt Hearing (#7), filed February 14, 2011.  The Court also

16   recommends that the Complaint be dismissed with prejudice as delusional and frivolous.

17                                    **DISCUSSION**

18          This case was transferred to the District of Nevada from the U.S. District Court for the Western

19   District of Missouri, which granted Plaintiff leave to proceed *in forma pauperis*.  (*See* #1, 3).  Upon

20   granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant

21   to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the

22   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

23   seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28

24   U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim

25   upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of

26   facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791,

27   794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint may be

28   dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.

1  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is

2  appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or

3  not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 33.  When a

4  court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

5  with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

6  deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

7  1995).

8      Plaintiff's Complaint alleges that during hearings prior to his criminal trial in the District of

9  Nevada, Judge Robert Johnston violated Plaintiff's civil rights when the judge refused to hold a hearing

10  on Plaintiff's allegations that he suffered from medical problems resulting from being attacked by the

11  prosecutor.  (#1 at 2).  Plaintiff states that Judge Johnston improperly questioned Plaintiff's mental

12  competency during a hearing without having medical evidence as a basis to raise the issue.  (*Id.*)  In

13  addition, Plaintiff states that Judge Roger Hunt violated Plaintiff's civil rights by not allowing

14  Plaintiff's prior claims to be heard and that Judge Hunt had the U.S. Marshal seize Mr. Griffin's mail.

15  (*Id.*)  The complaint also names Judge Gloria Navarro as a defendant and alleges that she improperly

16  dismissed the plaintiff's prior civil suits in retaliation for Mr. Griffin having filed suit against other

17  judges in the District of Nevada.  (*Id.*)  Plaintiff also claims that he has been illegally detained in prison

18  due to a conspiracy amongst the judges.  (*Id.*)

19      The Court finds that these statements are fantastic, delusional and irrational and will therefore

20  recommend that the Complaint be dismissed with prejudice as it is clear from the face of the complaint

21  that the deficiencies cannot be cured by amendment.

22      In light of the Court's recommendation, Plaintiff's Motion for Contempt Hearing (#7) will be

23  denied as moot, pending the District Judge's granting of the Court's recommendation of dismissal.

24      Accordingly, and for good cause shown,

25      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Contempt Hearing (#7) will be **denied**

26  as moot, pending the District Judge's granting of the Court's recommendation of dismissal.

27  . . .

28  . . .

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1) should be **dismissed with prejudice** as delusional and frivolous and as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of March, 2011.

_George Foley Jr._

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**